IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**PATRICIA WHITE**,

        Plaintiff,

        v.

**MICHAEL J. ASTRUE, Commissioner of Social Security**,

        Defendant.

No. 3:11-cv-06145-MO

OPINION AND ORDER

**MOSMAN, J.**,

Patricia White challenges the Commissioner's decision denying her claim for Disability Insurance Benefits ("DIB"). This Court has jurisdiction under 42 U.S.C. § 405(g). I affirm the Commissioner's decision for the reasons stated below.

## PROCEDURAL BACKGROUND

On April 16, 2007, Ms. White filed for DIB under Title II of the Social Security Act, alleging disability beginning on January 1, 2004. AR 11. The application was denied initially on August 14, 2007, and upon reconsideration on January 16, 2008. *Id.* An administrative law judge ("ALJ") held a hearing on February 4, 2010. *Id.* At the hearing, Ms. White amended her alleged onset date to November 24, 2008. *Id*. On February 17, 2010, the ALJ issued his decision denying Ms. White's application. *Id*. at 20. The Appeals Council denied review on February 25,

1 – OPINION AND ORDER

2011, making the ALJ's decision the final decision of the Commissioner. *Id*. at 1. Ms. White appealed on April 25, 2011.

## THE ALJ'S FINDINGS

The ALJ made his decision based upon the five-step sequential process established by the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 140–41 (1987); 20 C.F.R. § 404.1520 (establishing the five-step evaluative process for DIB claims). At step one, the ALJ found Ms. White engaged in substantial gainful activity from the amended alleged onset date of November 24, 2008, through March 31, 2009. AR 13. Accordingly, she was not disabled as of March 31, 2009. *Id*. at 14. However, the ALJ found Ms. White had not engaged in substantial gainful activity since March 31, 2009, and proceeded to analyze her alleged disability beginning on April 1, 2009. *Id*. At step two, the ALJ found Ms. White has the following severe impairments: failed back surgery syndrome, status post lumbosacral laminectomy, and fibromyalgia. *Id*. Continuing to step three, the ALJ found that the impairments and combination of impairments do not meet or exceed a disorder listed in the Commissioner's regulations. *Id*. at 15.

The ALJ next evaluated Ms. White's residual functioning capacity ("RFC"), finding that she could perform a range of light work but could only "lift and carry 10 pounds frequently and 20 pounds occasionally; stand/walk and sit six hours each in an eight-hour workday; occasionally stoop; and occasionally climb ladders, ropes, and ladders." *Id*. at 15–19. He also found that "[s]he must avoid even moderate exposure to hazards." *Id*. At step four, the ALJ relied on the testimony of a vocational expert and found that, in light of her RFC, Ms. White is capable of performing her past relevant work as a phlebotomist and demonstrator. *Id*. at 19. Therefore, the ALJ concluded, Ms. White had not been disabled from her alleged onset date through the date of his decision. *Id*.

## STANDARD OF REVIEW

I review the Commissioner's decision to ensure the Commissioner applied proper legal standards and that the ALJ's findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The reviewing court may not substitute its judgment for that of the Commissioner. *Robbins*, 466 F.3d at 882.

## DISCUSSION

Plaintiff raises one argument on appeal. She argues the ALJ improperly accounted for written lay witness testimony from her mother-in-law, Erva White.[1] Specifically, plaintiff's mother-in-law submitted a third party function report. AR 151–58. According to plaintiff, the ALJ improperly addressed the following statements in that report: (a) Erva stated that "[s]ome days" plaintiff "spends much of day in bed when hurting can't be controlled" and "[s]pends many nights unable to sleep"; (b) Erva checked boxes indicating plaintiff "is caused pain by lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, stair climbing, [and] completing tasks"; (c) Erva wrote that plaintiff "has days when bed rest is all she can tolerate," "is pretty much in constant pain," and "has to limit time and energy spent cleaning, gardening, cooking etc." (Pl.'s Br. [9] 4–5) (quoting AR 151–52, 156, 158)). Plaintiff argues the ALJ failed to provide an

---

[1] To avoid confusion, I refer to "plaintiff" and "Erva" for the remainder of this opinion.

3 – OPINION AND ORDER

explanation for discrediting this testimony that is "germane" to Erva.  *See Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009).

  The ALJ partially discredited Erva's testimony.  The ALJ first provided a lengthy and detailed explanation as to why he partially discredited plaintiff's testimony.  AR at 18–19.  Among other things, the ALJ did so because her testimony as to the extent of her pain was inconsistent with medical evidence in the record, inconsistent with plaintiff's prior descriptions of her pain, and inconsistent with the fact that she stopped working in 2009 because her position was eliminated, not due to pain.  *Id*. at 18.  The ALJ then found that Erva's testimony was similar to plaintiff's testimony, and partially discredited Erva's testimony as well:

> The statement of the claimant's mother-in-law essentially tracks the claimant's reports that she does some housework, shopping, and cooking, and drives her daughter places, but rests when her pain is harder to control.  I find this statement as credible as the claimant's statements regarding her activities.

*Id*. at 19.  This passage immediately follows the ALJ's discussion of plaintiff's testimony.  Plaintiff does not dispute that the ALJ gave valid reasons for discrediting her own testimony.  Nor does she dispute that Erva's testimony was similar to her own.

  As I have previously summarized, "[i]f the ALJ provided clear and convincing reasons to discredit the claimant's subjective complaints, and the lay witness's testimony is similar to those complaints, then it follows that the ALJ also gave germane reasons for rejecting the lay witness's testimony."  *Krueger v. Astrue*, 10-cv-1092-MO, 2011 WL 3510939, at *2 (D. Or. Aug. 9, 2011) (citing *Valentine v. Comm'r Soc. Sec. Admin*., 574 F.3d 685, 694 (9th Cir. 2009)); *see also, Stoll v. Astrue*, 10-cv-1326-DLB, 2011 WL 2036712, at *13 (E.D. Cal. May 23, 2011) ("Plaintiff is correct that the ALJ did not specifically explain why he rejected Mr. Wiens testimony, but this does not warrant remand . . . . [T]he ALJ's rejection of Plaintiff's subjective testimony was proper, and because Plaintiff's testimony was similar to that of Mr. Wiens, it follows that the ALJ also

4 – OPINION AND ORDER

gave germane reasons for rejecting his testimony.") (quotation omitted).   Accordingly, I see no error in the ALJ's analysis.   As the ALJ noted, Erva's testimony was similar to plaintiff's testimony.   It is also sufficiently clear that the ALJ partially discredited Erva's testimony—and therefore did not incorporate all limitations suggested by that testimony—for the same valid reasons he partially discredited plaintiff's testimony.   *See Krueger*, 2011 WL 3510939, at *2; *Valentine*, 574 F.3d at 694.   There is no dispute that those reasons do in fact apply equally to Erva's testimony.   Therefore, the ALJ did not err in his treatment of this lay witness testimony.

## CONCLUSION

The Commissioner's decision is supported by substantial evidence and is therefore AFFIRMED.

IT IS SO ORDERED.

DATED this   30th   day of January, 2012.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

5 – OPINION AND ORDER